## Fritz, Appellant, *v.* Erie City Passenger Ry.

*Street railways — Preliminary injunction — Motor—Electricity — Horse power.*

The question, whether a passenger railway company incorporated to use horse power only can be converted into an electric railway company by the action of the municipal authorities, is too serious a one to justify its disposition on a motion for a preliminary injunction, and for this reason a decree of the lower court refusing a preliminary injunction will be affirmed by the Supreme Court.

Argued April 24, 1893. Appeal, No. 7, July T., 1892, by plaintiff, Jacob Fritz, from decree of C. P. Erie Co., Nov. T., 1891, No. 5, refusing preliminary injunction. Before WILLIAMS, McCOLLUM, MITCHELL, DEAN and THOMPSON, JJ.

Bill for injunction to restrain construction of electric railway.

From the record it appeared that the act of March 1, 1867, P. L. 302, under which defendant was incorporated, authorized the company " to construct a railway to be worked by horse power, and to convey passengers over the same." On Aug. 8, 1888, the company was authorized by an ordinance of the city of Erie to change its motive power from horse power to electric motor power. ·

The bill prayed for an injunction to restrain defendant from tearing up the streets and constructing thereon an electric railway. The court refused the injunction prayed for.

*Error assigned* was above decree.

*S. M. Brainerd*, *Perry Gibson* with him, for appellant cited: Com. v. Erie & North East R. R., 27 Pa. 351; Miller v. Canal Com's, 21 Pa. 23; Pittsburgh & Connellsville R. R. v. Bedford & Bridgeport R. R., 81* Pa. 111; 1 Redfield on Railways, 588; Gratz v. P. R. R., 41 Pa. 447; Groff's Ap., 128 Pa. 621; Phila. v. P. & R. R. R., 25 W. N. 320; Rafferty v. Central Traction Co., 147 Pa. 584; East Hartford v. Hartford Bridge Co., 10 How. 511; Phila. & Trenton R. R., 6 Whart. 25; People's Ry. v. Marshall Street Pass. Ry., 25 W. N. 318; Com. v. Pittsburgh & Connellsville R. R., 24 Pa. 161; Pittsburgh F. W. & C. Ry. v. Pittsburgh et al., 1 Pitts. R. 396; Stewart's Ap., 56 Pa. 419; P. R. R. Co.'s Ap., 115 Pa. 526; Lateral R. R. Case, 37 Pa. 339; Edgewood R. R. Co.'s Ap., 79 Pa. 266; Groff's Ap. 128 Pa. 621; Lejee v. Ry., 10 Phila. 362; Faust v. Ry., 3 Phila. 164; Sparhawk v. Union Pass. Ry., 54 Pa. 402; Coalville Pass. Ry. v. Wilkes-Barre South Side Ry., 5 Kulp, 340; Phila. v. 13th & 15th Sts. Pass. Ry., 8 Phila. 648; Eden on Injunctions, c. 2; Jeremy's Equity Juris., book 3, c. 2, § 1; Att'y Gen. v. Johnson, 2 Wils. Ch. 85; Att'y Gen. v. Richards, 2 Anst. 603.

*S. A. Davenport*, for appellees, cited: Rafferty v. Central Traction Co., 147 Pa. 584; Lockhart v. Craig Street Ry., 139 Pa. 419.

PER CURIAM, May 22, 1893:

This was an injunction bill, and the motion for a preliminary injunction made on bill and affidavits was refused by the court below. The question involved is whether a passenger railway company, incorporated with authority to use only horse power for the traction of its cars, can be converted into an electric railway company by the action of the municipal authorities of the city in which the line of the company's road may be? The question has not yet been decided by this court. It is too grave in its character, and the consequences of its decision, in accordance with the contention of the plaintiff, too serious to the defendant companies to justify the disposition of it upon this motion. We affirm the decree of the court below upon this ground only. After the case has been heard on all its facts and is ready for final decree, the question can be considered and determined to better advantage. We make this statement to prevent our action from being misunderstood.

The decree refusing a preliminary injunction is affirmed.